[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
NOV 21, 2007
THOMAS K. KAHN
CLERK

_____

No. 07-12191
Non-Argument Calendar
_____

D. C. Docket No. 06-21974-CV-FAM

NATALIE ALVAREZ, individually and
as Personal Representative of the Estate
and Survivors of ELCIRA GIL, and
GLORIA GIL, individually,

Plaintiffs-Appellees,

versus

UNIROYAL TIRE COMPANY, a foreign
corporation, SEARS, ROEBUCK AND
COMPANY, a foreign corporation, FORD
MOTOR COMPANY, a Delaware
Corporation,

Defendants-Appellants.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

Before MARCUS, WILSON and FAY, Circuit Judges.

PER CURIAM:

Natalie Alvarez, individually and as personal representative of the estate and survivors of Elcira Gil, and Gloria Gil, individually ("Plaintiffs"), filed a personal injury action in state court against Uniroyal Tire Company, Inc., Ford Motor Co. and Sears Roebuck and Co. ("Appellants"). In August 2006, Appellants[1] removed the personal injury action to federal district court on the basis of diversity jurisdiction. After removal to the district court, Plaintiffs filed an amended complaint adding Robert Lafita, a resident of Florida, as a plaintiff, and Ely's Tire, Inc., a Florida corporation, as a defendant. Finding that it lacked subject matter jurisdiction because there was no longer complete diversity among the parties, the district court remanded the case to state court pursuant to 28 U.S.C. § 1447(e).[2] Appellants now appeal the district court's order remanding the case to state court.[3]

---

[1] Sears Roebuck and Co. and Ford Motor Co. filed the notice of removal with the consent of Uniroyal Tire Co.

[2] 28 U.S.C. § 1447(e) states that "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."

[3] On March 16, 2007, the district court *sua sponte* entered an order dismissing the case for lack of subject matter jurisdiction. Plaintiffs filed a motion for clarification, arguing that the case should be remanded to state court rather than dismissed. On April 17, 2007, the district court granted the motion and issued a final order remanding the case to state court. We do not believe, and Appellants have not argued, that the district court's two orders issued for the single purpose of finding that it lacked subject matter jurisdiction constitute separate orders, the former

2

Under 28 U.S.C. § 1447(d), an order remanding an action to state court pursuant to § 1447(c) is not reviewable on appeal. *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 342-43, 96 S.Ct. 584, 589, 46 L.Ed.2d 542 (1976) (holding that § 1447(d) precludes review only of those remand orders issued pursuant to § 1447(c)). In *Poore v. American-Amicable Life Insurance Co.*, 218 F.3d 1287 (11th Cir. 2000), this Court held that 28 U.S.C. § 1447(d)'s bar to appellate review of a district court's remand to state court pursuant to § 1447(c) did not apply where subject matter jurisdiction existed <u>at the time of removal</u> and the district court based its remand on a plaintiff's <u>post-removal</u> amendment to the complaint.[4]

Appellants argue that under our prior interpretation of § 1447(c) in *Poore*, a district court's order remanding a case to state court (pursuant to either § 1447(c) or § 1447(e)) based on a post-removal amendment to the complaint is reviewable if the case was properly removed in the first instance.[5] However, the Supreme

---

of which is reviewable and the latter of which is not under the Supreme Court's decision in *Waco v. United States Fidelity & Guaranty Co.*, 293 U.S. 140 (1934).

[4]  28 U.S.C. § 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1443 of this title shall be reviewable by appeal or otherwise."

[5]  28 U.S.C. § 1447(c) provides in part: If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

Court's recent decision in *Powerex Corp. v. Reliant Energy Services Inc.*, 127 S. Ct. 2411 (2007), requires us to revisit our prior interpretation of § 1447(c). In *Powerex*, the Supreme Court held that when a district court remands a properly removed case because it nonetheless determines post-removal that it lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and thus is shielded from appellate review by § 1447(d). Therefore, *Poore* is overruled to the extent we held that a remand for lack of subject matter jurisdiction pursuant to § 1447(c) is reviewable if it is based on a post-removal amendment to the complaint.

Under the Supreme Court's decision in *Powerex,* a remand for lack of subject matter jurisdiction under § 1447(e), which arises post-removal, and a remand for lack of subject matter jurisdiction under § 1447(c), which may arise at the time of removal or post-removal, are indistinguishable for purposes of determining whether § 1447(d)'s bar to appellate review applies. If at any time before final judgment the district court issues an order remanding a case to state court because it lacks subject matter jurisdiction, that order is not reviewable. Accordingly, the appeal is DISMISSED for lack of jurisdiction.