*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206
File Name: 08a0007p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

RICK BLACKBURN, et al.,

    *Plaintiffs-Appellees,*

 *v.*

OAKTREE CAPITAL MANAGEMENT, LLC,

    *Defendant-Appellant,*

GC FINANCE, LLC, et al.,

    *Defendants.*

No. 06-6374

Appeal from the United States District Court
for the Middle District of Tennessee at Nashville.
No. 05-01058—Todd J. Campbell, Chief District Judge.

Argued: November 28, 2007

Decided and Filed: January 8, 2008

Before: CLAY, SUTTON, and McKEAGUE, Circuit Judges.

---

## COUNSEL

**ARGUED:** Russell B. Morgan, BOULT, CUMMINGS, CONNERS & BERRY, Nashville, Tennessee, for Appellant. Suzette B. Peyton, SUZETTE PEYTON LAW OFFICE, Nashville, Tennessee, for Appellees. **ON BRIEF:** Russell B. Morgan, BOULT, CUMMINGS, CONNERS & BERRY, Nashville, Tennessee, for Appellant. Suzette B. Peyton, SUZETTE PEYTON LAW OFFICE, Nashville, Tennessee, Gerard T. Nebel, Nashville, Tennessee, for Appellees.

---

## OPINION

---

McKEAGUE, Circuit Judge. Plaintiffs sued Oaktree Capital Management, LLC ("Oaktree") in state court, seeking damages and declaratory relief in relation to plaintiffs' purchase of membership rights in a golf club. Oaktree removed the action to federal court. After the district court allowed plaintiffs to amend their complaint to include non-diverse defendants that destroyed diversity jurisdiction, the district court remanded the case to state court. Oaktree appeals, contending that the district court erred in granting the motion to amend the complaint and that the district court's remand order is reviewable because the case was properly removed in the first

1

instance.  Upon review of the applicable law and record, we DISMISS the appeal for lack of jurisdiction, irrespective of whether the motion to amend was properly granted.

# I.  BACKGROUND

Plaintiffs, all residents of Tennessee,[1] filed this lawsuit against Oaktree[2] seeking damages and declaratory relief stemming from plaintiffs' alleged rights, obligations and other legal relations arising under the Bylaws of The Governors Golf Club, Inc. ("Golf Club").  The Golf Club is a non-profit corporation organized under the laws of the State of Tennessee.  The plaintiffs sued the Golf Club in a separate action in the Circuit Court for Williamson County, Tennessee.

Plaintiffs are all present or former members of the Golf Club and all purchased "Gold Memberships," which are equity memberships in the Golf Club.  Oaktree is a California based investment management firm involved in the development of a residential community known as the Governors Club; the Golf Club is associated with the Governors Club.

Plaintiffs' complaint contains a number of factual allegations relating to representations and actions by Oaktree and a relationship that existed between Oaktree and plaintiffs.  At the root of the various causes of action is an undisclosed, internal accounting practice that involved the charge back of $25 million in debt to the Golf Club, which allegedly decreased the value of plaintiffs' Gold Memberships.  In particular, plaintiffs allege that Oaktree made representations upon which plaintiffs relied to determine whether to purchase Gold Memberships in the Golf Club.  Moreover, plaintiffs allege that a contractual and fiduciary relationship existed between plaintiffs and Oaktree and that Oaktree breached both contractual and fiduciary duties.

The original six plaintiffs filed their complaint against Oaktree on or about November 18, 2005 in the Circuit Court for Williamson County, Tennessee.  On December 16, 2005, Oaktree properly removed the action to the United States District Court for the Middle District of Tennessee.  On December 30, 2005, Oaktree filed its answer.  The original plaintiffs then filed a motion to amend the original complaint to add 21 plaintiffs.  Oaktree did not oppose the motion to amend the original complaint, and the district court granted the original plaintiffs leave to amend.

On May 1, 2006, plaintiffs filed a second motion to amend and sought to add claims against five separate and distinct entities and one individual.  Oaktree filed a response in opposition to plaintiffs' motion to amend on May 18, 2006.  On August 24, 2006, the magistrate judge issued a report and recommendation, recommending that plaintiffs' motion to amend be granted.  Oaktree filed its objection to the report and recommendation on September 8, 2006.  On September 11, 2006, the district court granted in part and overruled in part Oaktree's objections to the report and recommendation.  The district court approved the magistrate judge's report and recommendation and granted the plaintiffs' motion to amend the complaint.

On September 14, 2006, the magistrate judge issued an order that required Oaktree to identify the non-diverse defendants that were added as a result of the district court granting plaintiffs' motion to amend.  On September 26, 2006, Oaktree filed its statement of facts regarding

---

[1] Plaintiffs are Rick Blackburn, Harold Burris, III, Eric Enderle, Jonathan Nebel, Stephen Prince, Eugene Sacks, Michael Cain, Michael Morgan, Steven Crabtree, Rhett Smith, Dame Hockenberry, Bruce Cooke, Danief Vella, David A. Harris, Joe Cashia, Jeff Patton, Bob Derrington, Lynn Boggs, Allen Stendahl, Nicholas Carteaux, Kevin Murphy, James Wiese, Adam Prudoff, Randall Zeek, David Wisniewski, Paul Johnson, and Michael Blanton.

[2] Additional defendants added after the original complaint are PJ Management, LLC; OCM Real Estate Opportunities Fund A, L.P.; OCM Real Estate Opportunities Fund B, L.P.; Gryphon Domestic VII, LLC; GC Finance, LLC; and Philip Jones.  Philip Jones is a citizen of Tennessee, and PJ Management is an active Tennessee limited liability company.  Oaktree is the only appellant.

citizenship in which it stated that Philip Jones is a citizen of Williamson Country, Tennessee, PJ Management is a Tennessee limited liability company, and Philip Jones is PJ Management's sole member. That same day, the magistrate judge filed a report and recommendation, recommending that the lawsuit be remanded to state court. The district court issued its final order of remand adopting the magistrate judge's report and recommendation on September 29, 2006. Oaktree filed a timely notice of appeal of the final order of remand.

## II. ANALYSIS

The district court's order granting plaintiffs' motion to amend allowed plaintiffs to join non-diverse defendants, thereby destroying diversity jurisdiction. The subject matter of Oaktree's appeal is the district court's subsequent final order of remand to state court.

Section 1447(d) provides (with an exception for certain civil rights cases that is not applicable here) that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Despite § 1447(d)'s bar on appellate review of remand orders,[3] Oaktree principally argues, based on language in some prior Sixth Circuit decisions, that a district court's remand order *is* reviewable when the case is properly removed in the first instance, but subject matter jurisdiction is subsequently destroyed by later events. *See Davis v. Int'l Union,* 392 F.3d 834, 837-38 (6th Cir. 2004) (suggesting that appellate review of a remand order is proper when a district court possessed subject matter jurisdiction at the time of removal, but events occurring after removal make remand to the state courts appropriate); *Letherer v. Alger Group, L.L.C.,* 328 F.3d 262, 265 (6th Cir. 2003) (same); *Van Meter v. State Farm Fire & Cas. Co.*, 1 F.3d 445, 450-51 (6th Cir. 1993) (same); *see also Baker v. Minn. Mining & Mfg. Co., Inc.*, 99 F. App'x 718, 721 (6th Cir. 2004) (same); *see generally DeWalt v. Purdue Pharma, L.P.*, 397 F.3d 392, 401-02 (6th Cir. 2005) (recognizing limited power to review discretionary remand that "was premised on pendent state-law claims, and *not for lack of subject matter jurisdiction*") (emphasis added); *Amer. Maritime Officers v. Marine Eng'rs Beneficial Assoc.*, 503 F.3d 532, 537-38 (6th Cir. 2007) (same).

The Supreme Court's recent decision in *Powerex* requires us to reconsider, or at least clarify, our prior decisions. In *Powerex*, the Supreme Court held that "when a district court remands a properly removed case because it nonetheless lacks subject-matter jurisdiction, the remand is covered by § 1447(c) and thus shielded from review by § 1447(d)."[4] *Id.* at 2417. Accordingly, we recognize that our Sixth Circuit decisions are overruled to the extent they held that a remand for lack of subject matter jurisdiction pursuant to § 1447(c) was reviewable if it was premised on a post-removal amendment to a complaint. *See Price v. J & H Marsh & McLennan, Inc.*, 493 F.3d 55, 61 (2d Cir. 2007) (stating Supreme Court in *Powerex* "rejected the post-removal-event doctrine (although the Court did not call the doctrine by that name)"); *Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 641 (11th Cir. 2007) (recognizing *Powerex* overruled its prior interpretation of § 1447(c)).

Here, the district court remanded the case to state court pursuant to § 1447(e) rather than § 1447(c). In our opinion, this does not change the outcome. In fact, in *Powerex*, the Supreme

---

[3] In *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 128 (1995), the Supreme Court held that § 1447(d)'s bar on appellate review extends only to cases where "a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction." In *Powerex Corp. v. Reliant Energy Services, Inc.*, 127 S.Ct. 2411, 2416 (2007), the Supreme Court assumed, without deciding, that a 1996 amendment to § 1447 did not affect the holding in *Things Remembered*. Like *Powerex*, the instant case involves an order remanding a case for lack of subject matter jurisdiction. *Id.* For the reasons which follow, we hold that § 1447(d)'s bar on appellate review applies to such orders. We express no other opinion on the impact of the 1996 amendment to § 1447.

[4] Section 1447(c), in relevant part, provides that "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Court explicitly relied on § 1447(e) to bolster its conclusion that the remand order was not reviewable. The Court explained:

> The principal submission of the Solicitor General and petitioner is that the District Court's remand order was not based on a lack of "subject matter jurisdiction" within the meaning of § 1447(c) because that term is properly interpreted to cover *only* "a defect in subject matter jurisdiction *at the time of removal* that rendered *the removal itself* jurisdictionally improper."

*Powerex,* 127 S.Ct. at 2416 (citation omitted). The Court then "reject[ed] this narrowing construction of § 1447(c)'s unqualified authorization of remands for lack of 'subject matter jurisdiction'" inasmuch as "[n]othing in the text of § 1447(c) supports the proposition that a remand for lack of subject-matter jurisdiction is not covered so long as the case was properly removed in the first instance." *Id.* The Court explained:

> But the very statutory history upon which this creative argument relies conclusively refutes it. The same section of the public law that amended § 1447(c) to include the phrase "subject matter jurisdiction" also created a new § 1447(e). See § 1016(c), 102 Stat. 4670. Section 1447(e), which remains on the books, states:
>
> > "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."
>
> This unambiguously demonstrates that a case can be properly removed and yet suffer from a failing in *subject-matter jurisdiction* that requires remand. A standard principle of statutory construction provides that identical words and phrases within the same statute should normally be given the same meaning. See, *e.g., IBP, Inc. v. Alvarez,* 546 U.S. 21, 34, 126 S.Ct. 514, 163 L.Ed.2d 288 (2005). That maxim is doubly appropriate here, since the phrase "subject matter jurisdiction" was inserted into § 1447(c) and § 1447(e) at the same time. There is no reason to believe that the new language in the former provision, unlike the new language simultaneously inserted two subsections later, covers *only* cases in which removal itself was jurisdictionally improper.

*Id.* at 2417; *see also Alvarez,* 508 F.3d at 641 ("Under the Supreme Court's decision in *Powerex,* a remand for lack of subject matter jurisdiction under § 1447(e), which arises post-removal, and a remand for lack of subject matter jurisdiction under § 1447(c), which may arise at the time of removal or post-removal, are indistinguishable for purposes of determining whether § 1447(d)'s bar to appellate review applies."); *Washington Suburban Sanitary Comm'n v. CRS/Sirrine, Inc.,* 917 F.2d 834, 836 n.5 (4th Cir. 1990) ("We fail to see any reason to treat the grounds for remand authorized by § 1447(e) in a different way than the Supreme Court treated the grounds authorized in § 1447(c).").

Because it is undisputed that the ground for the remand order here is lack of subject matter jurisdiction, we cannot review the remand order. *See Powerex,* 127 S.Ct. at 2418 ("[R]eview of the District Court's characterization of its remand as resting upon lack of subject-matter jurisdiction, to the extent it is permissible at all, should be limited to confirming that that characterization was colorable."); *see also id.* ("Lengthy appellate disputes about whether an arguable jurisdictional ground invoked by the district court was properly such would frustrate the purpose of § 1447(d) quite as much as determining whether the factfinding underlying that invocation was correct." (citation omitted)).

Because we lack jurisdiction to review the final order of remand, we cannot otherwise review the district court's order that granted the motion to amend the complaint. Oaktree specified in its notice of appeal that it was appealing the final order of remand, *not* the order that granted the motion to amend the complaint. *See Pearson v. Int'l Union*, 99 F. App'x 46, *51 (6th Cir. 2004) (stating "[i]f an appellant ... chooses to designate specific determinations in his notice of appeal—rather than simply appealing from the entire judgment—only the specified issues may be raised on appeal") (citing *McLaurin v. Fischer*, 768 F.2d 98, 102 (6th Cir. 1985); *United States v. Universal Mgmt. Servs., Corp.,* 191 F.3d 750, 757 (6th Cir. 1999)).

Moreover, we reject Oaktree's argument that the collateral issue doctrine allows us to review the remand order. The collateral issue doctrine provides for appellate review of "remand orders 'based on a substantive decision on the merits of a collateral issue as opposed to just matters of jurisdiction.'" *See DeWalt*, 397 F.3d at 399 (citing *Regis Assocs. v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 194 (6th Cir. 1990)). Indeed, the district court's grant of the motion to amend the complaint and its subsequent remand of the case to state court are all part of the same jurisdictional decision and therefore the collateral issue doctrine is of no help to Oaktree. *See id.* ("But this exception to the ban on appellate review does not apply where, as in this case, the district court based its remand on jurisdictional grounds." (citations omitted)); *Cf. Tillman v. CSX Transp., Inc.*, 929 F.2d 1023, 1028 (5th Cir. 1991) ("Whatever the outcome of the chicken or the egg riddle of which came first, the allowance of the amendment or the remand order, our conclusion essentially renders review of whether the trial court abused its discretion by allowing the amendment a postmortem exercise.").

## III.  CONCLUSION

The Supreme Court's ruling in *Powerex* clarified the breadth of § 1447's bar on appellate review, which requires us to dismiss the appeal for lack of jurisdiction. Accordingly, the appeal is dismissed.