[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-10523
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 1, 2010
JOHN LEY
CLERK

D.C. Docket No. 1:08-cv-00165-WLS

BURT COMPANY, The,
ALBANY LIME & CEMENT COMPANY,
BURT DEVELOPMENT COMPANY,
H. PACE BURT, JR., Trustee of Hotel Trust,
HILLIARD P. BURT,

Plaintiffs-Appellants,

versus

CLARENDON NATIONAL INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Georgia

_____

(July 1, 2010)

Before BLACK, PRYOR and COX, Circuit Judges.

PER CURIAM:

Plaintiffs The Burt Company, Albany Lime & Cement Company, Burt Development Company, H. Pace Burt, Jr., and Hilliard P. Burt purchased a home in Atlanta, Ga. They arranged for a contractor to perform major renovations to the home, and once renovations were complete, sold the home to Deborah and Michael Draper. After closing on the home and discovering construction defects, the Drapers filed suit against Plaintiffs and a contractor, asserting a claim for breach of contract among others. Plaintiffs had an occurrence only commercial general liability policy with Defendant Clarendon National Insurance Company. They requested that Clarendon defend/indemnify them in the Draper action, but Clarendon denied coverage. The Draper action was ultimately resolved through a settlement; Plaintiffs contributed $100,000 to consummate the settlement.

Plaintiffs filed this action against Clarendon in the Superior Court of Dougherty County, Georgia, seeking a judgment declaring that as Clarendon's insureds, they are entitled to recoup losses they sustained as a result of the Draper action. Invoking the court's diversity jurisdiction, Clarendon removed the case to the United States District Court for the Middle District of Georgia, and Plaintiffs moved to remand the case on the grounds that the amount in controversy requirement of 28 U.S.C. § 1332 was not satisfied. The district court denied the motion. Thereafter, Plaintiffs filed a motion to amend their complaint and a motion to stay, urging the

2

court to review additional facts that could deprive it of jurisdiction, and Clarendon moved for summary judgment. The court granted the motion to amend, denied the motion to stay as moot, and granted Clarendon summary judgment because it held that under the terms of the insurance policy, Clarendon had no duty to defend/indemnify Plaintiffs in the Draper action. Plaintiffs appeal.

Plaintiffs argue that summary judgment must be vacated and the case remanded to state court because the case involves an insufficient amount in controversy to sustain federal diversity jurisdiction. In the alternative, Plaintiffs argue that the court erred in holding that Clarendon had no duty to defend/indemnify Plaintiffs in the Draper action, and summary judgment should be reversed. After review of the record, we conclude that these arguments are without merit.

We measure the amount in controversy on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal. The complaint filed with Clarendon's notice of removal asserts claims for: (1) contribution to the $100,000 Draper settlement offset by an unspecified credit due Defendants for sums obtained from another insurance company; (2) the $45,000 cost of defending the Draper action; (3) a penalty pursuant to O.C.G.A. § 33-4-6; and (4) attorney's fees for the instant action. While the complaint asserted that the amount in controversy is $70,000, the district court found that the actual amount exceeded the

$75,000 requirement of 28 U.S.C. § 1332. (R.2-31 at 5.) After review of the record, we agree. Plaintiffs later filed an amended complaint, which removed certain claims, and they argue on appeal that the amount in controversy is $62,500. Their calculation adds only the claim for contribution to the Draper settlement and one-half the cost of defending the Draper action. But, events occurring after removal, such as the post-removal amendment of a complaint to remove certain claims, which may reduce the damages recoverable below the amount in controversy requirement, do not divest the district court of jurisdiction. *Poore v. American-Amicable Life Ins. Co.*, 218 F.3d 1287, 1290-91 (11th Cir. 2000) *overruled in part on other grounds in Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639, 640-41 (11th Cir. 2007) (holding court erred in relying on amended complaint to conclude the parties did not meet the amount in controversy requirement). We include in our calculation the amount of all claims asserted in the version of the complaint on the date of removal and conclude that the amount in controversy exceeds $75,000. Accordingly, we hold that the court did not err in exercising diversity jurisdiction in this case.

Plaintiffs also argue that the court erred in holding that Clarendon had no duty to defend/indemnify Plaintiffs under the insurance policy. The policy provides that Clarendon will pay damages and/or defend claims brought against Plaintiffs arising from an "occurrence." It defines "occurrence" as "an accident, including continuous

or repeated exposure to substantially the same general harmful conditions." (R.1-18 Ex. B at 12.) "Accident" is not defined in the policy, but under Georgia law it means "an event which takes place without one's foresight or expectation or design." O.C.G.A. § 1-3-3(2). The complaint in the Draper action asserted claims for breach of contract, fraud, refusal to rescind contract, stubborn litigiousness, and entitlement to punitive damages, claims arising from alleged faulty workmanship and design in the remodeling of the home. (R.1-1 at Ex. A.) After review of the record, we agree with the court's analysis on pages eleven through sixteen of its order, concluding that the Draper action did not involve allegations of an "accident," and there was no "occurrence" under the terms of the insurance policy. (R.2-31.) Therefore, Clarendon had no duty to defend or indemnify Plaintiffs in the Draper action and was entitled to summary judgment.

AFFIRMED.