**Lynda GILLINOV and Sheldon Gillinov, Plaintiffs,**

v.

**HILLSTONE RESTAURANT GROUP, INC., d/b/a Houston's Restaurant, Defendant.**

**Case No. 15–80015–CIV.**

United States District Court, S.D. Florida.

Signed March 19, 2015.

Filed March 20, 2015.

David W. Singer, Peter G. Walsh, David W. Singer & Associates PA, Hollywood, FL, for Plaintiffs.

Daniel Albert Krawiec, II, One East Broward Blvd., Paul Buschmann, Hinshaw & Culbertson, Fort Lauderdale, FL, for Defendant.

## ORDER DENYING MOTION TO REMAND

WILLIAM P. DIMITROULEAS, District Judge.

THIS CAUSE is before the Court upon Plaintiffs' Motion for Remand [DE 7], filed February 5, 2015. The Court has carefully reviewed the Motion [DE 7], the Response [DE 15], and the Reply [DE 21]. The Court is otherwise fully advised in the premises.

### I. Background

Plaintiffs commenced this suit in the Circuit Court of the 15th Judicial Circuit in and for Palm Beach County, Florida, on December 10, 2014. *See* [DE 1 ¶ 4; DE 1–1]. Plaintiffs, Lynda Gillinov and Sheldon Gillinov, bring this action against Defendant, Hillstone Restaurant Group, Inc.,

d/b/a Houston's Restaurant, for negligence and loss of consortium. [DE 1–1]. Defendant filed the Notice of Removal on January 6, 2015, alleging diversity jurisdiction under 28 U.S.C. § 1332. [DE 1 ¶ 5]. Plaintiffs are citizens of the State of Florida; Defendant is a foreign non-profit corporation incorporated in Delaware, with its principal place of business in the State of Georgia. [DE 1 ¶¶ 7–8].[1]

The Complaint alleges, and Defendant has admitted, that damages exceed $15,000. [DE 1–1 ¶ 1]. The Notice of Removal states, in a conclusory fashion, that the amount in controversy exceeds $75,000. [DE 1 ¶ 5]. On January 9, 2015, the Court issued an Order to Show Cause why the case should not be remanded to state court. [DE 4]. Defendant responded on January 19, 2015. [DE 6]. Defendant's Response to the Order to Show Cause states that on October 9, 2014, Plaintiffs' counsel sent Defendant an "Offer of Settlement" demanding $450,000 to settle on a pre-suit basis. [DE 6 at 1–2; DE 6–1]. On January 5, 2015, Defendant served upon Plaintiffs via e-mail Defendant's Corrected Request for Admissions to Plaintiffs. See [15–1]. The requests clearly addressed the jurisdictional question, and asked, in part, for Plaintiffs to (1) admit that Plaintiffs' current demand, as per the Offer of Settlement, is at least $450,000 (the "current demand request"), and (2) admit that at the commencement of the action, and at this time, the amount in controversy exceeds $75,000 (the "amount in controversy request"). On February 5, 2015, Plaintiffs filed the Motion for Remand. [DE 7].On February 9, 2015, in Plaintiffs' Response to Defendant's Corrected Request for Admissions, Plaintiffs answered, with respect to the current demand request, "[d]enied. The demand ref-

erenced in this request was dated October 9, 2014, and is not 'current.' That demand was rejected by the Defendant, and no new demand has yet been made." [DE 15–2 ¶ 5].With respect to the amount in controversy request, Plaintiffs answered "[n]ot known," and in part stated that "Plaintiff certainly does admit that she and her counsel believe that the value of this case exceeds $75,000." [DE 15–2 ¶ 6]. The next day, on February 10, 2015, Plaintiffs filed with the Court Plaintiffs' First Amended Responses to Defendant's Corrected Request for Admissions dated January 10, 2015, in support of the Motion for Remand. [DE 11]. In the Plaintiffs' Amended Responses, in response to the amount in controversy request, Plaintiffs state that the current demand in this case is "less than $75,000." [DE 15–3 ¶ 6].

## II. Standard of Review

■ "A defendant may remove a case to federal court only if the district court would have had jurisdiction over the case had the case been brought there originally." *Whitt v. Sherman Int'l Corp.*, 147 F.3d 1325, 1329 (11th Cir.1998). Under § 1332(a), federal district courts have original jurisdiction over civil actions between citizens of different states and where the amount in controversy "exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

■ The party seeking to remove to federal court bears the burden of proving federal jurisdiction. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). "Where ... the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the juris-

1. Defendant has properly alleged complete diversity between the parties, which the Plaintiffs' Motion for Remand does not challenge.

Accordingly, this Order shall address only the issue of whether the amount in controversy requirement is met.

dictional requirement." *Williams,* 269 F.3d at 1319. "The substantive jurisdictional requirements of removal do not limit the types of evidence that may be used to satisfy the preponderance of the evidence standard;" instead, "[d]efendants may introduce their own affidavits, declarations, or other documentation—provided of course that removal is procedurally proper." *Pretka v. Kolter City Plaza, II, Inc.,* 608 F.3d 744, 755 (11th Cir.2010). Nevertheless, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," and the "law does not demand perfect knowledge or depend any less on reasonable inferences and deductions than we all do in everyday life." *Id.* at 754.

█ The "critical time" for determination of subject matter jurisdiction is the date of removal. *See Leonard v. Enter. Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002). "[E]vents occurring after removal which may reduce the damages recoverable below the amount in controversy requirement do not oust the district court's jurisdiction." *Poore v. American–Amicable Life Ins. Co.,* 218 F.3d 1287, 1291 (11th Cir.2000).[2]

### III. Discussion

█ Plaintiffs move for remand on the basis that Defendant has not met its burden of showing that the amount in controversy exceeds $75,000. As the Complaint [DE 1–1] only alleges that damages exceed

$15,000, Defendant must show by a preponderance of the evidence that the amount in controversy requirement is met.

Plaintiffs concede that both Plaintiffs and Plaintiffs' counsel believe that damages exceed $75,000. However, Plaintiffs argue that those "subjective beliefs" are not sufficient to satisfy the amount in controversy requirement; specifically, that a pre-suit demand letter may not alone satisfy the requirement.

Defendant argues that Plaintiffs' motion should be denied because the preponderance of the credible record evidence shows that Plaintiffs agree that their damages exceed $75,000.[3] Defendant states that Plaintiffs have admitted that damages exceed $75,000 both in their pre-suit demand letter and their original response to the request for admission.

Plaintiffs' admissions attempting to limit the amount in controversy occurred after removal, and so do not vitiate subject matter jurisdiction that may have attached at the time of removal. The Court will look at the admissions evidence only to the extent that it sheds light on whether the amount in controversy requirement was met at the time of removal.

█ The Offer of Settlement constitutes a pre-suit demand letter because it was sent about two months prior to the commencement of Plaintiffs' action. The Court may consider a pre-suit demand let-

**2.** The Eleventh Circuit's holding in *Poore* was subsequently overruled on other grounds in *Alvarez v. Uniroyal Tire Co.,* 508 F.3d 639 (11th Cir.2007) (citing *Powerex Corp. v. Reliant Energy Services, Inc.,* 551 U.S. 224, 127 S.Ct. 2411, 168 L.Ed.2d 112 (2007)).

**3.** Defendant also argues that the motion should be denied or stricken because Plaintiffs' counsel violated Local Rule 7.1.A.3 by not conferring with Defendant's counsel before filing the motion. While violation of the Local Rule affords the Court discretion to

grant or deny the motion and impose on counsel an appropriate sanction, Local Rule 7.1.A.3, in this instance, where the Court has already raised concerns regarding the basis of jurisdiction, the Court does not find that automatic denial of the motion or other sanctions are warranted. Moreover, the record reflects that counsel had already discussed their positions regarding the removal, and conference would likely have been futile. However, the Court cautions the parties that they are expected to strictly comply with the Local Rules going forward.

ter in determining whether the amount in controversy requirement is satisfied. *See Kilmer v. Stryker Corp.*, No. 5:14–CV–456–OC–34PRL, 2014 WL 5454385, at \*4 (M.D.Fla. Oct. 27, 2014) (holding that pre-suit demand letter, which specified past medical expenses totaling $72,792.93, combined with claims for permanent injury, pain and suffering, and past and future economic loss, was sufficient evidence that the amount in controversy requirement was met); *see also La Rocca v. Stahlheber*, 676 F.Supp.2d 1347, 1350 (S.D.Fla.2009) (holding that amount in controversy requirement was satisfied by calculations based on pre-suit demand package detailing past and future medical expenses). Plaintiffs' argument that a pre-suit demand letter may not be considered relies on *Chapman v. Powermatic, Inc.*, 969 F.2d 160 (5th Cir.1992) and its progeny. Chapman's holding is limited to the question of whether a pre-suit demand letter may constitute "other paper" such that the thirty day window for removal is triggered under 28 U.S.C. § 1446. *See id.; see also Foshee v. Cleavenger*, No. 2:14CV965–SRW, 2014 WL 6978276, at \*4 (M.D.Ala. Dec. 4, 2014) (considering pre-suit demand letter in determining whether amount in controversy existed at the time of removal and expressly rejecting plaintiff's *Chapman*-based argument that such consideration is inappropriate). The timeliness of removal is not at issue in this case.

The October 9, 2014, demand letter is exceptionally detailed, outlining with specificity $124,217.15 in damages based on Plaintiffs' past medical expenses and future medical expenses estimated using her life expectancy, similar cases, and consultations with her medical providers. Moreover, Plaintiffs' post-removal February 9, 2015, statement that "Plaintiff certainly does admit that she and her counsel believe that the value of this case exceeds $75,000," strongly suggests that Plaintiffs and their counsel continuously believed that this case exceeded the jurisdictional limit from the time of the demand letter, and through removal, at least until February 9, 2015.

## IV. Conclusion

For the foregoing reasons, the Court finds that Defendant has shown by a preponderance of the evidence that the amount in controversy exceeded $75,000 at the time of removal.

Accordingly it is **ORDERED AND ADJUDGED** that the Motion for Remand [DE 7] is hereby **DENIED**.