Richard **BATCHELOR,**
et al., Plaintiffs,

v.

**AMERICAN OPTICAL CORP.,**
et al., Defendants.

Case No.: 1:16–cv–21235–UU

United States District Court,
S.D. Florida.

Signed May 6, 2016

Filed May 9, 2016

---

Gabriel Santiago Saade, The Ferraro Law Firm, Miami, FL, for Plaintiffs.

Michael Patrick Peterson, Matthew Maranges, Peterson, Baldor & Maranges, PLLC, Daniel Alberto Garcia, Gordon & Rees, LLP, Christopher J.M. Collings, Sedgwick LLP, Rebecca Carrie Kibbe, Stephen Allan McGuinness, Yamilet Hurtado, K & L Gates LLP, Andrew Scott Freedman, Brian A. Dominguez, Clarke Scott Sturge, Henry Salas, Cole, Scott & Kissane, P.A., Anthony Nolan Upshaw, Caroline Marie Iovino, McDermott Will & Emery, Amanda Rae Cachaldora, Miami-Dade State Attorney's Office, M. Stephen Smith, III, Michael Roland Holt, Rumberger Kirk & Caldwell, Caitlyn R. McCutcheon, Miami, FL, Ivan A. Gustafson, Richard Matthew Lauth, Frances L. Spinelli, Evert Weathersby Houff, Atlanta, GA, Lucia V. Pazos, Brown Sims, Kelly L. Kesner, Melanie Erica Chung–Tims, Neil Anthony Covone, Susan Jane Cole, Bice Cole Law Firm, P.L., Coral Gables, FL, Stuart Aaron Weinstein, Shapiro Blasi Wassermann & Hermann, Boca Raton, FL, Daniel Albert Krawiec, II, Peter Joel Frommer, Hinshaw & Culbertson, Timothy Clark, Timothy Clark, Fort Lauderdale, FL, for Defendants.

### *ORDER ON MOTION TO REMAND*

URSULA UNGARO, UNITED STATES DISTRICT JUDGE

THIS CAUSE is before the Court upon Plaintiffs' Emergency Motion to Remand, D.E. 37, filed on April 14, 2016. The Motion is now fully briefed and ripe for disposition.

THE COURT has reviewed the pertinent portions of the record and is otherwise fully advised in the premises.

### *BACKGROUND*

On or about December 4, 2015, Plaintiff, Richard Batchelor ("Plaintiff"), was diagnosed with terminal mesothelioma resulting from exposure to asbestos-containing products, which were allegedly manufactured, sold, supplied, distributed or controlled by Defendants. D.E. 1–2 ¶ 3. Specifically, Plaintiff alleges that he was exposed to and inhaled asbestos fibers which were released into the air during his employment on the premises of the follow-

ing Florida Power & Light Co. ("FPL") controlled and occupied power plants: (1) Turkey Point Power Plant; (2) Cutler Power Plant; and (3) Riviera Beach Electric Plant (the "Power Plants"). *Id.* ¶ 39; D.E. 1–3 pp. 5, 7, 8, 10, 12–14, 16–18, 21, 24–26, 28, 30. In his sworn exposure schedules, which were provided pursuant to Fla. Stat. § 774.205, Plaintiff also indicates that he may have been exposed to asbestos while engaging in personal automotive work in Pennsylvania, Connecticut, Mississippi, and Florida. D.E. 1–3 pp. 9, 11, 15, 19, 22–23, 27, 33–36. Plaintiff alleges that exposure to asbestos caused his terminal mesothelioma. D.E. 1–2 ¶ 9.

Based on these underlying allegations, Plaintiffs, Richard Batchelor and Regina M. Batchelor, allege the following four Counts: premises liability against FPL, Betchtel Corporation and Bechtel Construction Company (Count I); negligence against all Defendants (Count II); strict liability against all Defendants (Count III); and loss of consortium, alleged by Mrs. Batchelor, against all Defendants (Count IV).

On January 2, 2016, Plaintiffs filed this action in the Circuit Court of the 11th Judicial Circuit in and for Miami–Dade County, Florida. D.E. 1–2; D.E. 1–3. From March 8, 2016 until March 14, 2016, Defendants took a videotaped deposition of Plaintiff. D.E. 65–1. At the deposition, Plaintiff testified that he served in the United States Navy and, as part of his military service, was assigned to work as a reactor operator on the *U.S.S. Gato,* which is a nuclear submarine. D.E. 65–1 at 14:8–22. Plaintiff was on the *U.S.S. Gato* for four years, from 1970 to 1974, when Plaintiff was honorably discharged from the U.S. Navy. *Id.* at 14:8–19, 30:17–22. While on this submarine, Plaintiff was responsible for, among other things, replacing control panels on the submarine and supervising shipyard workers who re-

paired turbines on the *U.S.S. Gato. Id.* at 23:7–30:22.

On April 7, 2016, Defendant, CBS Corporation ("Westinghouse"), removed this action to federal court. In their Notice of Removal, Westinghouse contends that this action is removable under the federal officer removal statute, 28 U.S.C. § 1442(a)(1), based on the existence of a colorable federal defense stemming from Plaintiff's service on the *U.S.S. Gato.* D.E. 1. On April 14, 2015, Plaintiffs filed the instant Motion to remand this action to state court. DE. 37.

### LEGAL STANDARD

"In evaluating a motion to remand, the removing party bears the burden of demonstrating federal jurisdiction." *Triggs v. John Crump Toyota, Inc.,* 154 F.3d 1284, 1287 n. 4 (11th Cir.1998). The Court must determine whether it has subject matter jurisdiction based on the operative complaint at the time of removal. *See Poore v. American–Amicable Life Ins. Co. of Tx.,* 218 F.3d 1287, 1291 (11th Cir.2000), *overruled in part on other grounds in Alvarez v. Uniroyal Tire Co.,* 508 F.3d 639, 640–41 (11th Cir.2007); *Ehlen Floor Covering, Inc. v. Lamb,* 660 F.3d 1283, 1287 (11th Cir.2011) ("The existence of federal jurisdiction is tested as of the time of removal.").

The federal officer removal statute, 28 U.S.C. § 1442(a)(1), allows a party to remove any civil action brought against "any officer (or any person acting under that officer) of the United States or of any agency thereof, in an official or individual capacity, for or relating to any act under color of such office." Removal under 28 U.S.C. § 1442(a)(1) is an exception to the well-pleaded complaint rule, and a case can be properly removed even where the federal question does not appear on the face of a plaintiff's complaint. *Jefferson Cty.,*

*Ala. v. Acker,* 527 U.S. 423, 431, 119 S.Ct. 2069, 144 L.Ed.2d 408 (1999) ("Under the federal officer removal statute, suits against federal officers may be removed despite the nonfederal cast of the complaint; the federal-question element is met if the defense depends on federal law.").

■ "A private party seeking to remove under the federal officer removal statute must satisfy four criteria: (i) it must be a person; (ii) it must be acting under a federal officer or agency; (iii) it must be sued for actions under color of such office; and (iv) it must have a colorable federal defense." *Assocs. Rehabilitation Recovery, Inc. v. Humana Med. Plan, Inc.,* 76 F.Supp.3d 1388, 1391 (S.D.Fla. 2014). As part of these four requirements, a "defendant must establish that there is a 'causal connection between what the officer has done under asserted official authority' and the action against him." *Magnin v. Teledyne Cont'l Motors,* 91 F.3d 1424, 1427 (11th Cir.1996) (citing *Maryland v. Soper,* 270 U.S. 9, 33, 46 S.Ct. 185, 70 L.Ed. 449 (1926)). The federal officer removal statute is broadly construed "to cover all cases where federal officers can raise a colorable defense arising out of their duty to enforce federal law." *Willingham v. Morgan,* 395 U.S. 402, 406–07, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969).

### DISCUSSION

In its Notice of Removal, Westinghouse states that this Court has jurisdiction under 28 U.S.C. § 1442(a)(1) because Plaintiff could have been exposed to asbestos on the *U.S.S. Gato,* thereby providing a basis for Westinghouse to assert a colorable federal defense based on its role as a government contractor. D.E. 1 ¶ 9.

### I. The Federal Officer Removal Statute

Plaintiff argues that the Court should remand this case because Westinghouse has no basis to remove this action under 28 U.S.C. § 1442(a)(1). D.E. 37.

■ The crux of the parties' disagreement concerns whether Westinghouse has a colorable federal defense to Plaintiff's claims for relief, based on Plaintiff's naval service on the *U.S.S. Gato,* which would satisfy the requirements of Section 1442(a)(1). A defendant "must advance a 'colorable defense arising out of [his] duty to enforce federal law" to remove an action under Section 1442(a)(1). *Magnin,* 91 F.3d at 1427 (citing *Mesa v. California,* 489 U.S. 121, 133, 109 S.Ct. 959, 103 L.Ed.2d 99 (1989)). "By raising a colorable federal defense in his removal petition, the [defendant] transforms the otherwise nonremovable state-law action into one that falls within the federal court's 'arising under' jurisdiction." *Jamison v. Wiley,* 14 F.3d 222, 238–39 (4th Cir.1994) (citing *Mesa,* 489 U.S. at 139, 109 S.Ct. 959)). The colorable federal defense "need only be plausible," however, because "its ultimate validity is not determined at the time of removal." *Magnin,* 91 F.3d at 1427. "Of course, a defendant cannot satisfy *Mesa*'s requirement that he demonstrate a colorable federal defense simply by reciting § 1442(a)'s 'color of office' language in his removal petition 'if the underlying facts averred, or . . . existing on the whole record before the court,' make clear that he cannot possibly make out a colorable federal defense." *Jamison,* 14 F.3d at 238 n. 17 (citing *Mesa,* 489 U.S. at 133, 109 S.Ct. 959)).

Plaintiff argues that Westinghouse cannot remove this action under 28 U.S.C. § 1442(a)(1) because Plaintiff expressly disavows any exposure to asbestos while in the United States Navy in: (1) his briefing before this Court; (2) the Complaint; and (3) the exposure sheets provided in state court pursuant to Fla. Stat. § 774.205. For this reason, Plaintiff contends that

Westinghouse has no colorable federal defense. that it could raise in this action.

In response, Westinghouse argues that it can raise a colorable federal defense based on Plaintiff's testimony that he served on a nuclear submarine while in the U.S. Navy, regardless of whether Plaintiff disavows claims based on asbestos exposure while aboard the *U.S.S. Gato.* Westinghouse, in essence, argues that Plaintiff cannot avoid removal under 28 U.S.C. § 1442(a)(1) by disclaiming exposure to asbestos while in the U.S. Navy, regardless of whether such disclaimer occurs in Plaintiff's briefing, the Complaint, or exposure sheets filed in state court, because it is possible that Plaintiff was exposed to asbestos while serving in the U.S. Navy.

The Court must determine whether Westinghouse can assert a colorable government contractor defense where Plaintiff expressly disavows, both in his Complaint and Motion before this Court, any right to recover for mesothelioma based on asbestos exposure while on the *U.S.S. Gato.* "Federal district courts addressing disclaimer provisions in similar actions have 'recognize[d] a distinction between artful pleading for purposes of circumventing federal officer jurisdiction, and express disclaimers of the claims that serve as the grounds for removal under Section 1442(a)(1).' " *Siders v. 20th Century Glove Corp. of Texas.*, No. 2:15–CV–13278, 2016 WL 1733473, at *4–5 (S.D.W.Va. Apr. 29, 2016) (citing *Dougherty v. A O Smith Corp.*, Civil Action No. 13–1972–SLR–SRF, 2014 WL 3542243, at *10 (D.Del. July 16, 2014)). With respect to the first category of disclaimer provisions, numerous courts, including the Southern District of Florida, have found that disclaimers did not defeat removal where the disclaimer: (1) generally purported to waive *all* federal claims based on boilerplate language; or (2) disavowed claims based on a defendant's acts or omissions carried out under color of office, but the plaintiff, nonetheless, sought to recover based on a defendant's official acts. *Id.* (collecting cases); *Marley v. Elliot Turbomachinery Co.*, 545 F.Supp.2d 1266, 1275 (S.D.Fla.2008) (declining "to find that the plaintiffs can defeat a government contractor's right to remove by disclaiming *any claim* arising from any act or omission compelled by a government agency" because "[s]uch a circular disclaimer would defeat the purpose [of] § 1442(a)(1) as it would force federal contractors to prove in state court that they were acting under the direction of the government" (emphasis added)).

On the other hand, with respect to the second category of disclaimer provisions, "federal courts have consistently granted motions to remand" based on a plaintiff "expressly disclaim[ing] the claims upon which federal officer removal was based." *Dougherty*, 2014 WL 3542243, at *10; *Kelleher v. A.W. Chesterton Co.*, No. 15–CV–893–SMY–SCW, 2015 WL 7422756, at *3 (S.D.Ill. Nov. 23, 2015) (remanding asbestos case where "[i]n the complaint and the notice of disclaimer, [the plaintiff] has made clear statements that his claims [based on asbestos exposure] do not include any work performed while in the military or on military machinery"); *Hayden v. 3M Co.*, Civil Action No. 15–2275, 2015 WL 4730741, at *4 (E.D.La. Aug. 10, 2015) (remanding asbestos case because plaintiff's "disclaimer eliminates any cause of action related to exposure while [the plaintiff] was in the Navy and the only valid grounds for removal relate to that specific time period"); *Phillips v. Asbestos Corp.*, No. C 13–5655 CW, 2014 WL 794051, at *2 (N.D.Cal. Feb. 26, 2014) (remanding asbestos case because plaintiff "expressly disclaimed and waived any claim arising out of or related to any asbestos exposure aboard federal jobsites and navy vessels," as this "removes any claims to which military contractor immu-

nity might act as a defense"); *Schulz v. Crane Co.*, No. 2:13–CV–02370–KJM, 2014 WL 280361, at *2 (E.D.Cal. Jan. 23, 2014) ("The court agrees with the several district courts that have found similar waivers in asbestos cases sufficient to justify remand."); *Madden v. A.H. Voss Co.*, No. C 09–03786 JSW, 2009 WL 3415377, at *2–3 (N.D.Cal. Oct. 21, 2009) (disclaimer defeated removal jurisdiction where the disclaimer stated that the "[p]laintiff's claims against [a specific defendant] exclude [the] plaintiff's asbestos exposure at military and federal government jobsites and aboard U.S. navy vessels"). These courts concluded that disclaimers which "explicitly renounced claims of a specific nature" were sufficient to warrant remand of an action where the removal was based on the federal officer removal statute. *See, e.g., Hayden*, 2015 WL 4730741, at *3 (citation omitted).

The Court finds that Plaintiff's disclaimer falls squarely within the second category of disclaimer provisions and, therefore, concludes that it lacks subject matter jurisdiction over this case.[1] In this case, Plaintiff expressly disclaims any attempt to recover based on his four-year naval service on the *U.S.S. Gato.* D.E. 37 p. 8 ("As repeatedly stated, Plaintiff disavows any effort to recover for exposure to asbestos while he [was] in the United States Navy."); D.E. 70 p. 2 ("Plaintiffs cannot allege any claims or injuries caused by asbestos exposure in a federal enclave because there is no proof of such exposure.");

D.E. 70 p. 7 ("Because Plaintiffs did not and could not have brought suit against CBS based on the record evidence, specifically asbestos exposure in the Navy attributable to CBS, it is therefore impossible and disingenuous for CBS to claim a colorable defense to non-existing claims."); *see also* D.E. 1–2 and D.E. 1–3. Moreover, while Plaintiff's Complaint and exposure sheets are not controlling, these documents do not even mention Plaintiff's service in the Navy, much less allege claims based on asbestos exposure while Plaintiff was stationed on the *U.S.S. Gato.* D.E. 1–2; D.E. 1–3. Plaintiff, instead, alleges asbestos exposure from: (1) working at three different FPL Power Plants; and (2) completing automotive work. *See* D.E. 1–2 ¶¶ 39–53; D.E. 1–3 pp. 5–40. Plaintiff has, therefore, made it abundantly clear both in his Motion and filings in state court that he only seeks to recover for asbestos exposure occurring at specific locations that have no relation to the U.S. Navy.

Westinghouse, therefore, cannot raise a colorable federal defense to Plaintiff's claims because Westinghouse's sole basis for removal is its contention that Plaintiff was exposed to asbestos while aboard the *U.S.S. Gato*, which is not at issue in this case. D.E. 37 p. 8; D.E. 70 pp. 2–6. In other words, Westinghouse cannot assert a colorable federal defense based on government contractor immunity because such a defense "pertains to claims that simply do

---

1. Westinghouse relies primarily on three cases, which each addressed disclaimers patently different from Plaintiff's disclaimer in this case. *Marley*, 545 F.Supp.2d at 1269; *Carroll v. Buffalo Pumps, Inc.*, No. 3:08–CV–707(WWE), 2008 WL 4793725, at *1–2 (D.Conn. Oct. 27, 2008); *Corley v. Long–Lewis, Inc.*, 688 F.Supp.2d 1315, 1329 (N.D.Ala. 2010). *Marley* and *Carroll* involved plaintiffs who asserted general disclaimers with respect to *all* federal claims while, at the same time, pursuing asbestos claims based on plaintiffs'

naval service. *Marley*, 545 F.Supp.2d at 1269–75; *Carroll*, 2008 WL 4793725, at *1–2. *Corley* involved a plaintiff who was allegedly continually exposed to asbestos, including during his twenty-seven year employment aboard numerous U.S. Navy ships. *Corley*, 688 F.Supp.2d at 1317, 1329. Here, Plaintiff specifically disavows claims arising from his brief four-year naval service and does not, in any way, pursue asbestos claims based on exposure during this time period. D.E. 37 p. 8; D.E. 70 pp. 2, 7; D.E. 1–2.

not exist." *See, e.g., Kelleher,* 2015 WL 7422756, at *2 (granting remand because "deny[ing] remand of this case would affirm [Defendant's] right to assert a defense against a claim that does not exist."); *see also Hopkins v. Buffalo Pumps, Inc.,* No. C.A. 09–181 S, 2009 WL 4496053, at *7 (D.R.I. Dec. 1, 2009) (remanding case removed under 28 U.S.C. § 1442(a)(1) because Plaintiffs made it "clear that their claim is limited to specific locations other than [a Navy shipyard]"); *see also Apsden, et al. v. Foster Wheeler Energy Corp., et al.,* No. 09–60565–CIV–ZLOCH, D.E. 24, at p. 3 (S.D.Fla. Apr. 27, 2009) (Zloch, J.) (remanding asbestos cases where "no claim is made against Defendant ... to which its acted-under-the-direction-of-a-federal-officer defense applies"). Because Plaintiff disclaimed all claims arising out of possible exposure during his tenure in the Navy and, further, because Westinghouse does not argue that Plaintiff has otherwise pursued claims or theories of liability in contravention to this disclaimer, the federal officer removal statute does not provide a basis for removal jurisdiction over Plaintiff's Complaint.[2]

## II. Attorney's Fees

 Even though remand is proper, the Court will not award Plaintiff the requested attorney's fees and costs. Under 28 U.S.C. § 1447(c), "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." "[T]he standard for awarding fees should turn on the reasonableness

of the removal." *Martin v. Franklin Capital Corp.,* 546 U.S. 132, 141, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* Given the circumstances, Westinghouse's removal on the basis of 28 U.S.C. § 1442(a)(1) was not objectively unreasonable. Accordingly, it is

ORDERED AND ADJUDGED that the Motion, D.E. 37, is GRANTED IN PART and DENIED IN PART, as follows:

(1) This cause is REMANDED to the 11th Judicial Circuit in and for Miami–Dade County, Florida pursuant to 28 U.S.C. § 1447(c) for LACK OF SUBJECT MATTER JURISDICTION.

(2) Plaintiff will not be awarded attorney's fees or costs.

(3) The Clerk of Court SHALL administratively close this case.

DONE AND ORDERED in Chambers at Miami, Florida, this 6th day of May, 2016.

---

**2.** Should Plaintiff "later attempt[ ] to reverse course" to assert a claim based on his service in the Navy, and "is allowed to do so by the state court despite his express waiver," Westinghouse can again seek removal under 28 U.S.C. § 1442(a)(1). *Phillips,* 2014 WL 794051, at *2; *see also Westbrook v. Asbestos Defendants (BHC),* No. C–01–1661 VRW, 2001 WL 902642, at *3 (N.D.Cal. July 31, 2001)

("The court sees no reason not to hold plaintiffs in this case to their waiver of claims arising out of work done on federal jobsites and vessels. This waiver, therefore, justifies remand. If plaintiffs later attempt to reverse course, and are allowed to do so by the state court despite their express waiver, [defendant] can always file for removal once again.").