[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11392
Non-Argument Calendar
_____

D.C. Docket No. 0:20-cv-60540-RAR

ANNETTE CAVE,

Plaintiff - Appellant,

versus

STATE OF FLORIDA,

Defendant - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 15, 2020)

Before MARTIN, ROSENBAUM and MARCUS, Circuit Judges.

PER CURIAM:

Annette Cave, proceeding pro se, appeals the district court's order remanding

her state criminal prosecution to state court.  On appeal, Cave argues that the district

court erred in its determination that there was no removal jurisdiction pursuant to 28 U.S.C. § 1443.  After thorough review, we affirm.

We review de novo whether the district court had subject matter jurisdiction after removal.  Castleberry v. Goldome Credit Corp., 408 F.3d 773, 780-81 (11th Cir. 2005).  Ordinarily, we lack jurisdiction to review an order remanding a case to state court for lack of subject matter jurisdiction.  See 28 U.S.C. §§ 1447(c), (d); Alvarez v. Uniroyal Tire Co., 508 F.3d 639, 641 (11th Cir. 2007).  However, when a state action was removed pursuant to 28 U.S.C. § 1443, we have narrow jurisdiction to review the district court's decision that removal based on § 1443 was improper.  Alabama v. Conley, 245 F.3d 1292, 1293 n.1 (11th Cir. 2001).  Pro se pleadings are liberally construed and are held to a less stringent standard than pleadings drafted by attorneys.  Tannenbaum v. United States, 148 F.3d 1262, 1263 (11th Cir. 1998).

Under 28 U.S.C. § 1443, a defendant may remove a criminal prosecution initiated in state court if the defendant "is denied or cannot enforce . . . a right under any law providing for the equal civil rights of citizens of the United States" in state court.  28 U.S.C. § 1443(1).  In order to qualify for removal under § 1443(1), a defendant must satisfy a two-pronged test: "First, the petitioner must show that the right upon which the petitioner relies arises under a federal law 'providing for specific civil rights stated in terms of racial equality.'  Second, the petitioner must

2

show that he has been denied or cannot enforce that right in the state courts." Conley, 245 F.3d at 1295 (quoting Georgia v. Rachel, 384 U.S. 780, 792 (1966)).

A defendant cannot satisfy the first prong of this test through reliance on generally applicable rights that are available to all persons or citizens because § 1443 is narrowly focused, applying "only to rights that are granted in terms of equality and not to the whole gamut of constitutional rights." Rachel, 384 U.S. at 792 (quotations omitted); Conley, 245 F.3d at 1295-96. Therefore, a defendant cannot rely on broad contentions under constitutional provisions such as the First Amendment and the Due Process Clause of the Fourteenth Amendment to support a valid claim of removal under § 1443, because those guarantees are phrased in terms of general application available to all citizens, rather than in the specific language of racial equality required by § 1443. See Rachel, 384 U.S. at 792; see also Conley, 245 F.3d at 1295-96 (stating that the "right to a fair trial and equal protection of the laws" do not support a valid claim for removal under § 1443(1)).

To satisfy the second prong of this test, the defendant must demonstrate that there is a basis from which the district court can make a "firm prediction" that the defendant will be denied or cannot enforce his civil rights in state court. Rachel, 384 U.S. at 804. Generally, to justify removal, the denial of one's equal civil rights must manifest in a formal expression of state law. Conley, 245 F.3d at 1296. In the absence of an explicit state mandate to the contrary, it is expected that federal rights

3

can be "effected" in pending civil or criminal state proceedings.  Johnson v. Mississippi, 421 U.S. 213, 219-20 (1975).  A narrow exception exists for actions based on facially neutral state laws, where the defendant is immunized from prosecution and trial by federal civil rights law, and, thus, the very prosecution itself is a deprivation of federally afforded civil rights, regardless of the outcome of the trial.  See Rachel, 384 U.S. at 804-05; Conley, 245 F.3d at 1296.  For example, in Rachel, the state court defendants, who were civil rights demonstrators, were prosecuted for criminal trespass after they refused to leave a privately-owned restaurant open to the general public that segregated its customers based on race.  384 U.S at 783-85.  While Georgia's criminal trespass statute was facially neutral, the act of prosecuting the defendants for criminal trespass directly conflicted with the Civil Rights Act of 1964, which precludes state prosecutions for "peaceful attempts to be served upon an equal basis in establishments covered under the Act," and the federal court was, therefore, able to clearly predict that the defendant would be denied equal civil rights under federal statute.  Id. at 785, 804-05.

The standard for removal under § 1443(1) is exceptionally high.  City of Greenwood v. Peacock, 384 U.S. 808, 828-29 (1966) ("[T]he vindication of the defendant's federal rights is left to the state courts except in . . . rare situations.").  A person may not obtain removal under § 1443(1) by merely alleging that "federal equal civil rights have been illegally and corruptly denied by state administrative

officials in advance of trial, that the charges against the defendant are false, or that the defendant is unable to obtain a fair trial in a particular state court." Id. at 827; see also Conley, 245 F.3d at 1298-99 (holding that allegations of bias and improper motives of an individual state judge do not support removal under § 1443(1)).

Under 28 U.S.C. § 1443(2), a defendant may remove a state criminal prosecution for "any act under color of authority derived from any law providing for equal rights, or for refusing to do any act on the ground that it would be inconsistent with such law." Section 1443(2) provides this privilege of removal only for state and federal officers, and their agents. City of Greenwood, 384 U.S. at 824 & n.22.

Here, the district court properly remanded the state criminal prosecution to state court because Cave did not establish removal jurisdiction under § 1443. For the purposes of § 1443(1), remand was proper because Cave failed to satisfy the two-prong test under Rachel. See 384 U.S. at 792-94. As for the first prong, Cave did not properly assert reliance on any specific civil right under federal law "stated in terms of racial equality" -- indeed, neither her Notice of Removal nor appeal mention her race or make any assertions of race-based discrimination, and neither the state courthouse nor the location where she was arrested were public accommodations for purposes of any reliance on the Civil Rights Act of 1964. See Conley, 245 F.3d at 1295. She also failed under the second prong because she did not allege any state law or policy which prohibited the enforcement of any equality-based civil rights in

5

state court.  Nor is there any federal statute immunizing Cave from the precise type of proceeding being brought in state court.  Additionally, there was no removal jurisdiction under § 1443(2) because Cave was not a state or federal officer, nor an agent of either.  See City of Greenwood, 384 U.S. at 824 & n.22.  Accordingly, we affirm the district court's order remanding this action to state court.

**AFFIRMED.**